**MARATHON OIL COMPANY, Survivor by Merger of Husky Oil Company, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–428T.

United States Claims Court.

Oct. 23, 1992.

Hak K. Dickenson, Houston, Tex., attorney of record for plaintiff.

Mary M. Abate, Washington, D.C., with whom was Acting Asst. Atty. Gen., James A. Bruton, for defendant.

## MEMORANDUM OPINION

REGINALD W. GIBSON, Judge.

This opinion addresses Defendant's Motion For Leave To File Motion For Summary Judgment And Brief In Support Thereof, which was filed on August 27, 1992. In view of the extant circumstances,

defendant is beseeching this court to exercise its discretion, given its averments, and permit it to file such motion, although tardy and not otherwise in compliance with this court's order(s) and its applicable rules. Plaintiff, against this background, vehemently opposes the subject motion.

To properly appreciate and consider the bona fides of the parties' respective positions, it is helpful to chronicle the following underlying operative facts:

(i) The complaint was filed on May 18, 1990.

(ii) Present counsel for defendant noted her appearance on June 12, 1990.

(iii) Following three (3) enlargements of time (57 days), defendant filed its answer on September 12, 1990.

(iv) The court's pretrial scheduling order of October 29, 1990, directed that any and all dispositive motion(s) were due to be filed by March 14, 1991.

(v) Pursuant to the court's order of March 22, 1991, given the March 20, 1991 joint motion of the parties, the October 29, 1990 order was enlarged, and the period for filing dispositive motions was extended to July 22, 1991. This enlargement was made with the caveat—"Allowed, with no further extensions for these purposes."

(vi) Notwithstanding the foregoing, and pursuant to defendant's motion of February 3, 1992, the March 22, 1991 order was modified by order dated February 7, 1992, to extend the filing period for dispositive motions to April 2, 1992. At that time, the pretrial conference was set for May 7, 1992.

(vii) On March 13, 1992, defendant filed a motion for reconsideration of the court's February 7, 1992 order inasmuch as said order allowed an enlargement of only 45 days with respect to defendant's February 3, 1992 motion, with a caveat of no further enlargements. Upon granting the defendant's motion for reconsideration on March 23, 1992, the court allowed the full period to extend to May 17, 1992, as requested in defendant's initial motion. Again defendant was admonished that no further en-

largements would be granted regarding the pretrial schedule, *i.e.*, the filing of dispositive motions. The pretrial conference thus was set for June 23, 1992.

(viii) The first pretrial conference was held on June 23, 1992, during which the trial date was tentatively set for November 1993. An order also issued following said conference with the pretrial conference continuing to July 23, 1992. On and before July 27, 1992, both parties had filed their pretrial submissions consisting of—(i) a memorandum of contentions of fact and law, (ii) a witness list, and (iii) an exhibit list.

(ix) The court's order of July 24, 1992, permitted defendant, in view of its representations on the record during the pretrial conference on July 23, 1992, to file a motion for leave to file a motion for summary judgment out of time. That order required defendant to file said motion for leave on or before August 6, 1992.

(x) On August 4, 1992, defendant filed its motion to enlarge the time permitting it to file its motion for leave from August 6, 1992, to August 27, 1992. Plaintiff strenuously opposed said motion. On August 10, 1992, the court allowed said motion, but only to August 14, 1992.

(xi) Defendant thereafter moved on August 12, 1992, for reconsideration of the court's August 10, 1992 order regarding its August 4, 1992 motion and requested allowance of the entire period. On August 12, 1992, the court granted defendant's motion, enlarging the period for filing its motion for leave to file a motion for summary judgment to August 27, 1992.

In support of its motion for leave to file said motion for summary judgment, defendant averred that—"... under the Court's Rules, defendant is not precluded from filing a dispositive motion ...," and the two issues in this case, *i.e.*, (i) the scope of the closing agreement(s) and (ii) the erroneous assessments based on the Service's failure to conform to the Code's procedural requirements, generate "no genuine material issue of fact which requires a trial in this case." (*See* defendant's motion.)

Plaintiff strenuously opposed defendant's subject motion in a 16–page memorandum. At the outset, plaintiff underscores the obvious fact that the pending motion is not one seeking a summary judgment, but rather it is only "a motion for leave to file a motion for summary judgment." Against this background, plaintiff forcefully contends that this court should deny defendant's subject motion for leave for the following reasons:

(i) it is not in the interest of justice to permit defendant to file a motion for summary judgment on this record inasmuch as it has totally failed to explain and justify its failure to timely file such motion;

(ii) defendant has failed to show that no genuine factual triable issues exist as to the intentions of the parties in executing the closing agreement as well as to each element of the three affirmative defenses asserted;

(iii) all inferences regarding the existence of disputed facts from the proffered proof should be drawn against the defendant in favor of plaintiff; and

(iv) the closing agreement does not, *ipso facto*, address the issue of the refund claims, thus the true intent of the parties with respect thereto can only be established by a factual inquiry.

In furtherance of its position and in light of the two main issues in this case—(i) whether Marathon intended to foreclose its right to pursue the Wyoming severance tax refund claim by signing the closing agreements, and (ii) whether the Service failed to properly assess Marathon's windfall profit taxes—plaintiff meticulously details, in chart form, eleven (11) factual disputes notating plaintiff's claim versus defendant's claim (p. 9). In addition, plaintiff contends that with respect to the affirmative defense of equitable estoppel raised by defendant, the elements required to be established to prevail on that defense raise several genuine and material factual issues. (*See* footnote 1, Pltf's Oppos. p. 3).

*Discussion*

On this record, we are constrained to deny defendant's subject motion for either

or both of the two primary reasons explicated by plaintiff in its opposition—(i) sound discretion and the interest of justice compel that it be denied, and (ii) there are genuine issues of material facts. Each position will be discussed seriatim.

■ With respect to plaintiff's initial position that—the record, *i.e.*, the interest of justice, does not require this court to favorably exercise its discretion to grant leave permitting defendant to file a tardy motion for summary judgment where there is failure to justify such omission, we note the importance of observing certain rules of this court.

Rule 1. Scope of Rules

(a) Scope. (1) These rules govern all proceedings in actions filed in the United States Claims Court....

(2) These rules *shall be construed to secure the just, speedy, and inexpensive determination of every action.*

(3) *In all cases not provided for by rule, a judge may regulate the applicable practice* in any manner not inconsistent with these rules.

(emphasis added).

Rule 6. Time

\* \* \* \* \* \*

(b) Enlargement.... In general, *motions* for enlargement *must be filed at the earliest practicable time and make a persuasive showing that counsel* has been working on the matter diligently or has been prevented from doing so by significant matters beyond counsel's control....

(emphasis added).

Rule 77.1. Case Management.

(a) Responsibility. Case management is the responsibility of the judge to whom the case is assigned.... *Each judge shall manage assigned cases so as to provide for the prompt dispatch of business....*

(emphasis added).

■ Defendant correctly states that there is no specific rule of this court "preclud[ing it] from filing a dispositive motion." Nevertheless, we believe that Rule 1(a)(2) and (3), read in tandem, may be reasonably construed to give this court discretionary authority to say when a Rule 56 motion may *not* be filed notwithstanding the fact that there are no genuine issues of material facts. This is so because subparagraph (3) of Rule 1 clearly provides that "[i]n all cases *not* provided for by rule, a judge may regulate the applicable practice in any manner not inconsistent with these rules." By denying defendant's motion for leave to file a motion for summary judgment, this court is constrained to so proceed, given this record, in view of the obligatory requirements of subparagraph 2 of Rule 1(a). It is patently clear that that rule compels this court "to secure" to the parties not only a just and speedy but also an inexpensive determination of this action. All three, therefore, are clearly required.

It is not "just" to the non-movant to grant a motion for leave to permit the defendant to file a motion for summary judgment—(i) four months after a trial date was set on June 23, 1992; (ii) almost three months after the parties have filed their pretrial submissions; and (iii) where defendant has actually had since November 1990 in which to file any dispositive motion.

This court cannot, if it grants defendant's motion for leave to file a motion for summary judgment, insure the parties of a speedy determination of this action. If we proceed by summary judgment, such assurance can only be given if it was an absolute certainty that there were no genuine issues of material facts. In such circumstance, this court could be assured that it would only have to address the substantive issues once. However, nothing on this record gives us that quantum of assurance. In fact, our analysis of the pleadings gives us an abiding conviction, as strenuously asserted by plaintiff, that there is a very high probability that this court would find genuine issues of material fact(s) if it were to permit this case to proceed by summary disposition.

Recognizing that it would take at least twice as long to dispose of this case if we initially proceed by summary judgment where we find genuine issues of material

fact, and thereafter must proceed to a trial on the merits (*i.e.*, scenario # 1) than it would take if we were to proceed straight to a trial on the merits (*i.e.*, scenario # 2) compels this court to implement the requirements of Rule 1(a)(2), *i.e.*, construe these rules to secure a "speedy" determination of the action, and Rule 77.1, *i.e.*, to manage this case "so as to provide for the prompt dispatch of business." Stated differently on scenario # 1, since the issues have not been briefed for summary judgment, by the time that is accomplished and said summary motion gets in line behind all other matters prior in time, given this court's docket, we cannot foresee that this case will be decided before, at the earliest, late 1994 or early 1995. On the other hand, with respect to scenario # 2, the substantive issues are presently *fully* briefed for a trial on the merits; all pretrial submissions have been filed by both parties (memoranda of contentions of fact and law, witness lists and exhibits lists), and a tentative trial date has been set since June 23, 1992, for November 1993. While the court cannot say with certainty said trial will occur in November 1993, it can say that there is a very high probability that said trial will occur in the first half of 1994. Against this background, since the more protracted the action is the more expensive it becomes, the obligation to secure a speedy and inexpensive determination of this action (Rule 1(a)(2)) and to provide for the prompt dispatch of business (Rule 77.1) also compels this court to deny defendant's subject motion. In short, we simply say that our conclusion is thoroughly consistent with and within the contemplation of these rules.

■ While the foregoing circumstances are sufficient bases to deny the subject motion, defendant has also failed to carry its burden of convincing this court that

there are no genuine issues of material fact. Therefore, we are constrained to conclude that such failure is an additional basis for denying the motion for leave to file the motion for summary judgment.

In its opposition, plaintiff strenuously argues that there is a plethora of genuine issues of material fact. Plaintiff argues that there is no way to resolve the "true intent of the parties without a factual inquiry" regarding the scope of the closing agreement. Moreover, in support of its position, plaintiff proffers a table of eleven (11) factual disputes, pro and con, which it contends generate genuine issues of material fact, any one of which is sufficient to defeat a motion for summary judgment. That demonstrative showing, coupled with plaintiff's contention that proof of the elements[1] of defendant's estoppel defense also generates genuine issues of material fact, is most persuasive to this court relative to the operative issues. At the very least, plaintiff has rebutted defendant's proof that there are no genuine issues of material fact to the extent that the scales are now in equilibrium on that issue so that this court is constrained to hold that defendant has failed to carry its burden. In this connection, the Court of Appeals for the Federal Circuit reiterated the basic rules in connection with a court's consideration of a motion for summary judgment as follows:

> The ... court must view the evidence in the light most favorable to the nonmoving party, and *any doubt as to the existence of issues of material fact must be resolved in favor of the party opposing the motion.* The movant bears the burden of demonstrating the absence of any genuine issue of material fact....

*Jamesbury Corp. v. Litton Industrial Products, Inc.,* 839 F.2d 1544, 1548 (Fed. Cir.1988) (emphasis added) (footnotes omitted). *Also see Adickes v. Kress & Co.,* 398

---

**1.** Plaintiff avers that the elements of equitable estoppel are—
   (i) a false representation or wrongful misleading silence;
   (ii) the error must originate in a statement of facts;
   (iii) the one claiming the benefits of estoppel must not know the true facts; and

   (iv) the same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed.
   *See* footnote 1, p. 3, Pltf's Oppos., and cases cited therein.

U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

*Conclusion*

On this record as a whole, this court has substantial doubt as to the non-existence of genuine issues of material fact; that is to say, we have significant misgivings as to whether defendant is correct in its contention that there are no genuine issues of material fact. In such eventuality, we are reminded that the CAFC has admonished us that—"any doubt ... must be resolved in favor of the party opposing the motion." *Jamesbury Corp.*, 839 F.2d at 1548. For that reason, as well as the previously expressed reason that the interest of justice implicit in RUSCCs 1 and 77.1 compels this court to agree with plaintiff's position, defendant's motion for leave to file a motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.